UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANA SMITH | CIVIL ACTION NO. 18-cv-1210 |
| VERSUS | JUDGE DOUGHTY |
| UNIVERSITY HEALTH SHREVEPORT, LLC | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Dana Smith ("Plaintiff") was employed as a clinical nurse supervisor at a Shreveport hospital operated by BRFHH Shreveport, LLC. She filed this action against her employer for violations of Title VII, the Family Medical Leave Act ("FMLA") and state law claims. Before the court is Defendant's Motion for Partial Dismissal (Doc. 8) that attacks Plaintiff's claims for FMLA interference and related retaliation.

Plaintiff responded to the motion by filing a Second Amended Complaint, and Defendant concedes that the amendment cured its objections to the FMLA retaliation claim. The only issue remaining is whether Plaintiff's amended complaint is adequate to state a claim for FMLA interference on which relief may be granted. For the reasons that follow, it is recommended that Defendant's motion be denied.

### Relevant Allegations

Plaintiff alleged in her Second Amended Complaint (Doc. 17) that she was employed as a clinical nurse supervisor and had an excellent record. Mr. Stephen Beaudion became her immediate director in 2015 and began sexually harassing her. Plaintiff's

allegations of harassment include inappropriate comments, Beaudion forcing his hand down Plaintiff's pants and otherwise trying to force himself on her, Beaudion exposing his penis and asking for oral sex on two occasions, and other reprehensible behavior. Plaintiff alleges that she complained of the sexual harassment, after which Mr. Beaudion was removed from directly supervising her. He was, however, still a director of other departments and friends with Plaintiff's current supervisor and other coworkers. Plaintiff alleges that she has been subjected to extensive retaliation regarding her work schedule, job assignments, training, and other aspects of her work.

Plaintiff's allegations with respect to the FMLA are found in paragraphs 38-40. She alleges that her father passed away in August 2018, and on August 29, 2018 she put in a request for FMLA leave to treat major depression and complicated grieving. She got no response, so she called human resources on September 7, 2018 and discovered that her request had been denied for a clerical error by the physician who completed some paperwork in connection with the leave request. The physician's form was not dated and did not indicate a treatment date.

Plaintiff later received a letter in the mail on September 12, 2018 that alerted her to the deficiency. She immediately obtained a properly completed physician form and resubmitted her FMLA request. The request was approved. Plaintiff complains that Defendant did not comply with the notice requirements of the FMLA during the processing of her claim. She alleges that this caused her prejudice because she was denied the opportunity to make informed decisions about her leave options. She also contends that it

resulted in Defendant wrongfully calculating and designating her available FMLA hours, which resulted in Defendant wrongfully terminating her insurance benefits (which she discovered when she attempted to fill a prescription at a pharmacy).

**Rule 12(b)(6)**

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

**FMLA Requirements**

"The FMLA requires a covered employer to allow an eligible employee up to twelve weeks of unpaid leave if the employee suffers from 'a serious health condition that makes the employee unable to perform the functions of the position of such employee.' " Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 763 (5th Cir. 2001) (quoting 29 U.S.C. § 2612(a)(1)(D)). To ensure employees the right to take leave, the FMLA prohibits an employer from "interfere[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right" provided by the Act. 29 U.S.C. § 2615(a)(1). Plaintiff

claims that Defendant interfered with her rights under the FMLA by not providing proper and timely notice in compliance with FMLA regulations enacted by the Secretary of Labor.

**Analysis**

Department of Labor regulations impose various notice requirements on employers. Among them is a rule that if the employer requires the employee to provide a medical certification to support her request for FMLA leave, and the employer finds the certification to be insufficient or incomplete, the employer must notify the employee of that fact within five business days of receipt of the deficient certification and state what information is needed to complete the certification. 29 C.F.R. § 825.300(d)(1); 825.305(c)-(d).

Plaintiff contends that Defendant did not satisfy its notice obligation because she made her request for leave on August 29, and she did not get written notice of the deficiency until September 12. Defendant points to a September 5 letter, found outside the complaint, and argues that it proves the response was timely. The court will not resort to extra-complaint evidence in assessing the Rule 12(b)(6) motion nor attempt to decide whether it is sending or receiving notice that determines whether the notice was timely. Neither party cites authority on that issue. Plaintiff's complaint squarely alleges that the notice was late, so that must be accepted as true for current purposes.

Defendant's principal attack on the claim in that Plaintiff has not alleged facts that would prove enough prejudice to warrant relief under the FMLA. The argument makes reference to what is required to establish a prima facie case of interference under the

FMLA.  A plaintiff who makes such a claim must show: (1) she was an eligible employee; (2) her employer was subject to FMLA requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) her employer denied her the benefits to which she was entitled under the FMLA.  Caldwell v. KHOU-TV, 850 F.3d 237, 245 (5th Cir. 2017).

Plaintiff's request for leave was still pending when she filed her original complaint, so Defendant's motion did not contest whether these elements were satisfied.  By the time of the Second Amended Complaint, Plaintiff's request for leave had been approved, raising a question as to whether she could demonstrate the fifth element: her employer denied her benefits under the Act.  In any event, Defendant has not specifically raised that challenge. More important, the Supreme Court does not require a Plaintiff to make out a prima facie case in her complaint to survive Rule 12(b)(6) review.

The prima facie case "is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema NA, 122 S.Ct. 992, 997 (2002).  The Court "has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."  Id.  Raj v. Louisiana State Univ., 714 F.3d 322, 331 (5th Cir. 2013) ("a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim").

Defendant does not contend that the complaint does not afford adequate notice of the nature of the claim.  Rather, it contends that Plaintiff has not alleged with specificity

facts that show prejudice that would allow Plaintiff to recover damages or other relief. "FMLA's remedial scheme requires an employee to prove prejudice as a result of the employer's lapse; the employee may not expand the statute's coverage as a penalty for an employer's technical compliance shortcoming." Lubke v. City of Arlington, 455 F.3d 489, 497 (5th Cir. 2006). "If an employee has received her entitlements under the FMLA, she does not have an FMLA claim regardless of the quality of notice that she received." Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 768 (5th Cir. 2001).

    Courts will look at the particular facts to determine whether prejudice has been demonstrated and relief warranted. In Lubke, the plaintiff's jury verdict was affirmed because the lack of notice led to a lack of medical certification and the loss of a job. A verdict for the plaintiff was upheld in Downey v. Strain, 510 F.3d 534 (5th Cir. 2007) when the employee contended that, had she been notified properly, she would have postponed a surgery to a time when it would not have caused her to exceed her FMLA allowance. Hunt vacated a summary judgment for the employer to allow resolution on remand of whether the employee was actually harmed. But in Hart v. Comcast of Houston, LLC, 347 Fed. App'x 978 (5th Cir. 2009), summary judgment for the employer was affirmed when the undisputed evidence showed that the employee was allowed his requested leave and returned to his same position with the same pay. He was not harmed by any lack of notice, and the court declined to impose per se liability. A bench trial ruling for the employer was similarly affirmed in Bernard v. Bishop Noland Episcopal Day School, 630 Fed. App'x

239 (5th Cir. 2015) when the lack of notice had nothing to do with the employee not taking leave or losing her job.

Each of those decisions was issued after a trial or summary judgment contest. Defendant has not pointed to any Fifth Circuit decisions that have approved Rule 12(b)(6) dismissal of an FMLA claim that gave proper notice of a plausible claim of lack of notice but did not also include specific allegations of facts that would necessarily support a finding of prejudice.  It may be that Plaintiff would be unable to meet the challenge of a motion for summary judgment or bear her burden at trial of establishing prejudice that would entitle her to a remedy for interference with FMLA rights.  Or she may be able to prove that the delayed notice affected her health benefits or other interests.  But that need not be decided at this preliminary stage of the case.

Plaintiff's Second Amended Complaint sets forth facts that, accepted as true, suggest a plausible lack of timely/proper notice as required by the regulations, and Plaintiff generally alleges resulting prejudice.  Defendant cites no authority that has affirmed Rule 12(b)(6) dismissal in the same circumstances.  The better course is to allow this claim proceed along with the other claims and be tested through a substantive challenge, rather than make a final decision based on nothing but a review of the complaint.  Allowing this claim to proceed will also avoid the risk of reversal while adding little to the complexity of the case or scope of discovery.

Accordingly,

It is recommended that Defendant's Motion for Partial Dismissal (Doc. 8) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of February, 2019.

_____
Mark L. Hornsby
U.S. Magistrate Judge